IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARROLL DURRELL, PARENT AND EDUCATIONAL DECISION MAKER FOR S.H., et al. | : : : : | CIVIL ACTION |
| v. | : : | |
| LOWER MERION SCHOOL DISTRICT | : | NO. 10-6070 |

MEMORANDUM

Bartle, J.                                              June 30, 2011

  Plaintiff S.H. and her mother Carroll Durrell bring this action against the Lower Merion School District ("School District") for violation of: (1) the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; (2) Section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794; and (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Before the court is the motion of the School District to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and in the alternative for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.

  When reviewing a facial challenge to subject matter jurisdiction under Rule 12(b)(1), the court accepts the plaintiff's allegations as correct and draws inferences in the plaintiff's favor. Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 & n.4 (3d Cir. 2002); Mortensen v. First Fed. Sav.

& Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge to subject matter jurisdiction is one in which a defendant argues that "the allegations on the face of the complaint, taken as true," are insufficient to invoke the court's jurisdiction. Turicentro, 303 F.3d at 300.

Similarly, when deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. On a motion to dismiss, a court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R.

Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)).

## II.

The following facts are undisputed or taken in the light most favorable to the non-moving party. S.H. is a sixteen year-old African American student who currently attends Lower Merion High School. While in elementary school, S.H. was identified as a student with a specific learning disability and placed in special education programs.

On November 23, 2009, S.H. and her parent filed a due process complaint against the School District alleging violations of the IDEA. In the due process complaint, plaintiffs alleged that the School District had failed to evaluate properly S.H. with regard to a learning disability and had denied S.H. a free appropriate public education ("FAPE"). After the due process complaint was filed, the School District agreed to pay for S.H. to undergo an Independent Educational Evaluation ("IEE"). The results of the IEE conducted on February 24, 2010 confirmed that S.H. possessed average intelligence and did not suffer from a learning disability. In April 2010, the School District removed S.H. from its special education program and placed her completely in the regular curriculum.

The due process hearing officer conducted a hearing regarding the complaint of S.H. in May 2010. After the hearing, he concluded that he lacked jurisdiction over the complaint because S.H. had been removed from special education classes and

accordingly was not a child with a disability as required under the IDEA. See 20 U.S.C. § (d)(1)(A), 1415(a). As a result, he dismissed the action on August 10, 2010.

Plaintiffs filed their complaint in this court on November 5, 2010. Plaintiffs seek compensatory education, monetary damages, attorneys' fees, and costs as a remedy for the misidentification of S.H.

## III.

The IDEA provides both procedural and substantive rights to "children with disabilities" and their parents in order to ensure a "free appropriate public education." 20 U.S.C. §§ 1400(d)(1)(A), 1415. Parents and children with disabilities who claim violations of the IDEA must first file an administrative complaint with a due process hearing officer. Id. at § 1415(f). This complaint may pertain to "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." Id. at § 1415(b)(6). Any aggrieved party then "ha[s] the right to bring a civil action ... in any State court of competent jurisdiction or in a district court of the United States." Id. at § 1415(i)(2)(A).

The School District first moves to dismiss plaintiffs' IDEA claim for lack of subject matter jurisdiction under Rule 12(b)(1). In support, the School District argues that the hearing officer correctly dismissed S.H.'s due process complaint

because relief under the IDEA is reserved solely for students who are disabled.

We must begin our inquiry with the plain language of the statute. See Velis v. Kardanis, 949 F.2d 78, 81 (3d Cir. 1991). Where the language of the statute is clear and unambiguous, this court need not conduct further inquiry unless the literal application of the statute will frustrate Congressional intent. Velis, 949 F.2d at 81.

As noted above, the IDEA provides that "children with disabilities" are guaranteed a free appropriate public education and certain procedural safeguards in connection with the provision of that education. 20 U.S.C. §§ 1400(d)(1)(A), 1415(a). Congress defined the term "child with a disability" as a child:

> (i) with intellectual disabilities, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance ... orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and
>
> (ii) who, by reason thereof, needs special education and related services.

Id. at § 1401(3)(A)(i)-(ii).

In her complaint, S.H. states that she is not disabled and has been removed from the special education program. Admittedly she is not a "child with a disability" and thus cannot seek relief under the IDEA. See generally D.S. v. Neptune Twp. Bd. of Educ., 264 Fed. App'x 186, 188-89 (3d Cir. 2008).

Although the School District characterizes its motion as premised on a lack of subject matter jurisdiction under Rule 12(b)(1), it is properly a motion to dismiss for failure to state a claim under Rule 12(b)(6).  In Arbaugh v. Y&H Corp., a jury returned a verdict in favor of the plaintiff in a Title VII action for sexual harassment.  546 U.S. 500, 504 (2006).  The employer then moved to dismiss the action for lack of subject matter jurisdiction under Rule 12(b)(1) after the verdict on the ground that it was not amenable to suit under Title VII because it employed less than fifteen persons.  Id.  The District Court granted the motion and the Court of Appeals affirmed.  Id.  The Supreme Court declared that "'[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination.'"  Id. at 511 (quoting 2 James J.W. Moore et al., Moore's Federal Practice § 12.30[1] (3d ed. 2005)).  The Court reversed and instructed that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."  Id. at 516.

Here, the language regarding "children with disabilities" does not appear in the section of the statute dealing with the jurisdiction of this court.  See 20 U.S.C. § 1415(i).  Accordingly, we will grant the motion of the School District to dismiss the IDEA claim pleaded in Count I of the

complaint on the ground that plaintiffs failed to state a claim for relief under Rule 12(b)(6).

IV.

We next turn to plaintiffs' claims for relief under the ADA and the Rehabilitation Act. Under the Rehabilitation Act,

> No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794. An "individual with a disability" includes not only an individual who actually has a disability but also one who is "regarded as" having a disability. 34 C.F.R. §§ 104.3(j)(1)(iii), (j)(2)(iv). The ADA similarly prohibits discrimination against any individual who is "regarded as" having a disability. 42 U.S.C. § 12102(1)(C).

The School District maintains that these claims should be dismissed for lack of subject matter jurisdiction for failure to exhaust administrative remedies. ADA and Rehabilitation Act claims which "seek[] relief that is also available" under the IDEA must be raised in an administrative due process hearing before being brought in the United States District Court. 20 U.S.C. § 1415(l). However, the ADA and Rehabilitation Act do not otherwise have an exhaustion requirement.

Exhaustion is not mandated here because plaintiffs' claims under the ADA and the Rehabilitation Act do not "seek[] relief that is also available" under the IDEA. Id. As we

-7-

concluded above, the IDEA does not provide a remedy to a child who is not actually disabled.  In contrast, the ADA and the Rehabilitation Act protect children who are disabled as well as those who are perceived as disabled.  See 34 C.F.R. §§ 104.3(j)(1)(iii), (j)(2)(iv); 42 U.S.C. § 12102(1)(C).

The School District next moves to dismiss under Rule 12(b)(6) the claims of S.H. under the ADA and the Rehabilitation Act on the ground that they are barred by the statute of limitations.  Such a defense may succeed on a motion to dismiss under Rule 12(b)(6) only if it is clear on the face of the complaint that the claim was not timely filed.  Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997) (citing Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).  ADA and Rehabilitation Act claims are subject to the Pennsylvania statute of limitations for personal injury actions, which is two years.[1]  See Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008) (citing 42 Pa. Con. Stat. Ann. § 5524).

The School District contends that the limitations period began to run on July 30, 2007, when S.H. filed her complaint in a related action, Blunt, et al. v. Lower Merion

---

1. Where ADA and Rehabilitation Act claims seek relief that is also available under the IDEA, they are subject to the IDEA statute of limitations, which is also two years.  20 U.S.C. § 1415(f)(3)(C); see also P.P. ex rel. Michael P. v. West Chester Area Sch. Dist., 585 F.3d 727, 737 (3d Cir. 2009); New Directions Treatment Servs. v. City of Reading, 490 F.3d 293, 302 (3d Cir. 2007).

School District. No. 07-3100 (E.D. Pa.). In that action, S.H. asserted that the School District wrongfully "pulled her out of the general education curriculum, placed [her] in a program ... below her grade level, and denied [her] access to ... the same academic program as provided her Caucasian non-classified peers." The Blunt action is still pending and includes claims by S.H. for racial discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

According to the School District, S.H. and her parent were aware at that time of the filing of the Blunt complaint that the School District "had provided S.H. a substandard education." In response, plaintiffs maintain that the limitations period of her current claim of misidentification did not begin to run until February 24, 2010 when, as stated in their complaint, the IEE revealed that S.H. did not in fact have a learning disability.

It is not clear at this stage of the proceeding whether plaintiffs knew or should have reasonably known that S.H. had been wrongly identified as a child with a disability as of the time of the Blunt filing. Instead, the Blunt complaint states that S.H. is a "disabled" student. What plaintiffs knew and when they knew it for purposes of the statute of limitations cannot be resolved at the motion to dismiss stage, where this court must accept the plaintiffs' allegations in the complaint as true.

Phillips, 515 F.3d at 233; see also J.L. v. Ambridge Area Sch. Dist., 622 F. Supp. 2d 257, 266 (W.D. Pa. 2008).

Finally, the School District also moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6) on the ground that plaintiffs have requested "speculative" and "implausible" relief in the form of monetary damages. This argument is without merit. Courts may award compensatory damages and "other forms of relief traditionally available in suits for breach of contract" under the Rehabilitation Act. A.W. v. Jersey City Public Schs., 486 F.3d 791, 804 (3d Cir. 2007). This type of relief is also permissible under the ADA. 42 U.S.C. § 12133; see also Derrick F. v. Red Lion Area Sch. Dist., 586 F. Supp. 2d 282, 297 (M.D. Pa. 2008). Plaintiffs' request for "money damages based upon the calculation of potential future educational and economic loss" are not so speculative as to warrant dismissal at this early stage of litigation.[2]

Accordingly, we decline to dismiss the claims of plaintiffs under the ADA and the Rehabilitation Act in Counts II and III of the complaint.

---

2. Defendants correctly assert that compensatory and punitive damages are not available under the IDEA. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 186 (3d Cir. 2009). However, as stated above, we will be dismissing the claim of S.H. under IDEA for failure to state a claim under Rule 12(b)(6).